The first case on our call, agenda number one, number 127815, People v. State of Illinois v. Demetrius Gray. Counsel for the appellant, are you prepared to proceed? Good morning, Your Honors. May it please the Court and Counsel, I'm Assistant Attorney General Michael Cibula on behalf of the people of the State of Illinois. Defendant was convicted of armed habitual crime. That requires the people to prove that he possessed a gun and had two prior qualified convictions. In this case, the people and defendant agree on all of the relevant facts. Defendant has conceded on appeal that the people proved he possessed a gun. The parties agree that when defendant was in his 20s, he had two felony convictions, both of which are the type of offenses that can serve as prior qualifying offenses. The parties also agree that when defendant was 17, he was convicted in adult court for selling a significant amount of cocaine, a class one felony conviction. And lastly, of course, the parties agree that at trial, they expressly stipulated that defendant had two prior qualifying convictions for the purposes of proving armed habitual criminal. Now, despite those unspecified facts, the appellate court overturned defendant's conviction. It found that the people had failed to prove that he had two prior qualifying convictions. Specifically, the court focused on that conviction I just mentioned when defendant was 17 in adult court for selling cocaine. And the appellate court interpreted the Armed Habitual Criminal Act to require the people to prove that he was either at least 18 at that time, or that hypothetically he would have been transferred to adult court if the Jew and Outcourt Act, the amended version, hypothetically was in place at that time. Counsel, did the stipulation speak to specifically what those two priors were? No, it did not, Your Honor. It just flatly said that defendant has two prior qualifying convictions for the purposes of proving armed habitual criminal. So that leads to, I think, three issues in this appeal for this court to resolve. First is that no matter how this court interprets the act, this defendant simply cannot win on a sufficiency claim. Second issue is how we interpret the act. And third is he's raised it in effect as a counsel claim. Maybe I'd reorder. I'm going to tell you I'm real confused about what the issues are in this case after reading the briefs. There's a lot of talk about sufficiency evidence. Was there proof of age? There's a lot of talk about what does the stipulation mean? It seems to me at the heart of all this, the issue is what does the statute mean when it says qualifying offense. So that sounds like statutory interpretation. That sounds like a question of law. And doesn't that have to be answered first before we get to any of these other issues? And let me also just finally put a spin on that. We know the issue about what does the statute mean was never raised at the trial. Everybody seems to agree that they understood their own understanding of what the statute means. But this issue of what does the statute mean didn't arise until the case was on appeal. So it seems to me, don't we have to start there? What does the statute mean? And the fact that it was not raised before until the appellate court, through what lens are we looking at that question? Sure, Your Honor. So the only lens that this court could look at it through is through an ineffective assistance of counsel claim. Why not plain error? It's not plain error, Your Honor. It's not a sufficiency claim. I didn't ask that. Why is it not plain error? Don't we usually say when an issue is not raised at trial, it can only be raised in a reviewing court as either ineffective assistance of counsel or plain error? Plain error by whom, though, Your Honor? By the people's view, the people proved he had two prior qualifying convictions. The legal issue of what does the statute mean was never raised in the trial court, right? Right. It was first raised in the appellate court. Correct. So it's a legal issue first raised in the appellate court, not raised in the trial court. Therefore, we have to figure out how we address it, right? And we usually just talk about plain error. Why is this not plain error? Why is not the lens through which we look at the issue plain error? Because defendant raised it in two ways, under a sufficiency claim on appeal and under an ineffective assistance of counsel claim on appeal, saying that his counsel should have not entered into the stipulation. So you're saying that the defendant here did not raise the issue of plain error. Therefore, plain error is off the table. We can't use our usual tools to determine statutory interpretation? This court can absolutely interpret the statute, and we've asked this court to. We've addressed the interpretation. The first point, the first point I want to make is that the appellate court overturned this conviction, finding the evidence was insufficient, which means that people cannot retry it. If this was maybe plain error or something like ineffective assistance of counsel, that's a different issue. Then it gets remanded for a new trial because people can address any alleged insufficiencies in the evidence of a new trial. But the first point is that what the appellate court actually ruled is that the evidence was insufficient on a sufficiency claim. So the people are just. They did that because of the way they interpreted the statute. They said, here's how we understand the statute. Therefore, the state had to prove his age. Correct, Your Honor. Because of the way they interpreted the statute. Don't we have to start there? I suppose so, Your Honor. I mean, we're not asking this court to avoid the statutory interpretation question. This court wants to reach it through plain error. That's not how the defendant raised it below. But this court can reach the statutory interpretation. We have never argued that it can't. We're saying that it's not necessary to resolve the sufficiency claim to reach it because he loses no matter what because of the stipulation. However, Your Honor, in terms of the interpretation of the statute, which I agree is the heart of the case and presumably why the court granted the PLA, I think it's helpful just to pause for a second and understand what we know about the General Assembly. So let me ask a question. Are you saying that the question is properly before the court? I'm sorry. Are you saying this question is properly before the court? The statutory interpretation question is absolutely before the court. Yes. For example, the defendant raised a claim in the appellate court and raises it here that his counsel should not have entered into the stipulation, which by definition raises a question about the interpretation of the statute. That's what that claim entirely depends on. So we're not asking this court to avoid the statutory interpretation question. One of our points is that the appellate court reversed it based on sufficiency. That cannot be the way it's resolved because of the stipulation. But in terms of the interpretation of the statute, Your Honor, we know that the legislature is concerned about gun violence. We all understand that. Courts have recognized that the legislature in particular is concerned about habitual felons possessing guns. And so the purpose of the Armed Habitual Criminal Act, courts have recognized, is clear. It's not only to make it illegal for habitual felons to possess a gun, but also to impose a significant deterrent, a Class VI sentence. Counsel, let me ask you a real basic question. This is kind of taking you back. The 2008 conviction on which you're hanging all of this is very important to the state, obviously. So you had every opportunity to use that conviction when charging him and during the trial. Why didn't you do that? I'm sorry. Just so I understand. Why wasn't that conviction included in the indictment? Why didn't you elevate it to the level that you're doing now and include it so that we wouldn't be here if you had done that? So why wasn't that done? Because the state had every opportunity to do that. I'm sorry. I didn't quite hear that. Why didn't the indictment include the other charges that we've mentioned? Yes. Your Honor. Because that's what you're hanging the armed habitual criminal conviction on. So why wasn't that clearly included? Well, just to be clear, we're hanging the conviction on the fact that he concedes that he possessed a gun and the parties expressly stipulated at trial that he had two prior qualifying convictions. That's what we're hanging the stipulation on. In terms of why certain prior charges were not in the indictment, I cannot answer that question. Cook County prosecuted this case. I certainly didn't. I know, but you're the only one here. I understand I'm here before, but I still, right in the brief, that's not something I talked to them about. However, Your Honor, as we said in our brief, what's listed in the indictment doesn't really matter for a couple reasons. One is that courts have acknowledged that listing predicate felonies in support of a habitual criminal act like this is surplusage. They don't need to be exactly correct. Certainly, if you complain about an indictment post-conviction, as might happen here, you have to identify some problem with the indictment that prejudiced your defense. This defense wasn't prejudiced. That's not what I asked. So, I mean, I think you're hanging your hat on something that the state is that I think was never clearly identified as what you were ultimately going to hang your hat on. That's basically what I'm saying, what I'm asking. Why wasn't that done? I cannot answer why it was not included in the indictment. He had multiple felony convictions. Cook County chose to charge him as they did. As the law, though, it frankly doesn't matter here because of the stipulation that I mentioned. And also, if you complained about an indictment post-conviction, you need to say how it prejudiced your defense. Here, if he had raised this issue before trial, they just would have filed a superseding indictment, so there would have been no issue. But to the extent that there's been a problem created post-conviction, it's because defendants stipulated to this at the court trial. Are you conceding? You seem to be conceding that this, if we look at the statute and we interpret the statute, that this prior conviction is not a qualifying offense. Are you conceding that? I'm absolutely not conceding that, Your Honor. I'm absolutely not conceding. I'm just trying to answer the questions about why some of the other convictions are not added. To get back to the statutory issue that the appellate court ruled on, that the conviction at 17 is not a prior qualifying conviction, it is a qualifying conviction under the plain language of the statute, as we explained in our brief. There are two required. So in other words, the answer to Justice Cunningham's question is the reason why it was charged is because you today and the State all the way through believe that it was the appropriate. Certainly, Your Honor. That's why they put – perhaps I misunderstood the question. The question is why was it – I assume she was presupposing that this prior conviction was not. I apologize if I misunderstood the question. But one reason why it could have been charged is under the plain language it is a prior qualifying conviction. There's two requirements to be a prior qualifying conviction. The first looks at the past. It asks was the defendant convicted. The second looks at what type of offense did he commit. Here everyone agrees that the prior offense, the 17-year-old conviction for selling cocaine, it meets the first requirement. He absolutely was convicted. He pled guilty in adult court. It's settled law that a guilty plea or a guilty verdict in adult criminal court counts as a conviction, even if you're under the age of 18. So it leads to the second requirement, which looks at the type of offense the defendant committed. If you look at paragraphs 1 through 3 of the Act, it lists different kind of offenses that can serve as a prior qualifying offense. For example, forcible felonies. In this case, we're addressing subparagraph 3, which says that any qualifying conviction includes any violation of the Controlled Substances Act that is punishable as a Class 3 or greater felony. Well, here, of course, it was a Class 1 felony for selling a significant amount of cocaine. So this is exactly the type of offense that is listed in the Armed Habitual Criminal Act. The fact that the defendant was 17 doesn't matter. As the defendant says in his brief, this second requirement focuses on the statutory classification. And that's exactly right. This second requirement is offense-centered, not defendant-centered. And we know that from the plain language of the statute, which uses the words is punishable. Any violation of the Controlled Substances Act that is punishable as a Class 3 or greater felony. As we cite in our brief, punishable has a well-understood meaning. It means may be punished, might be punished. It doesn't mean must be punished. As one federal court of appeals said, the word punishable requires the court to focus on what is the maximum punishment anyone could receive if they commit this offense, not the particular characteristics of a defendant such as his age. So it is a prior qualifying conviction, which is one reason why it was included in the indictment and one reason, among many, that a sufficiency claim fails, because the fact that he was 17 does not change the fact that he was convicted. And it does not change the fact that a Class 1 felony for selling a significant amount of cocaine is exactly one of the offenses listed in the Elementary Judicial Criminal Act that can serve as a prior qualifying offense. There's another point I wanted to mention, which I think the appellate court didn't really consider and the defendant hasn't grappled with in his brief.  When the legislature wants to impose age requirements or wants to exempt juveniles who are convicted in adult court, it knows how to do so and it does so in express terms. We cite examples of that in our brief. I'll just mention one, which is that certain sex offender registry laws expressly exempt juveniles who are convicted in adult court for adult crimes. Well, there's no express exemption like that in this statute. And it's black letter law that courts should not read exceptions into statutes that the legislature hasn't provided. As far as defendants' interpretation of the statute, it's inconsistent with the plain language of the statute for some of the reasons I just mentioned. But I also wanted to point out that it's different in important ways than the interpretation adopted by the appellate court below. In the decision below, the appellate court said that age and hypothetical jurisdiction are elements of armed habitual criminal. So since they're elements, they would have to be proven beyond a reasonable doubt at trial, which, as we discussed in our brief, is unworkable and would create a lot of problems. In the defendant's appellee's brief, he says, well, the appellate court below got that wrong. These are not elements of the offense.  Instead, he says, these are something a trial court must consider. I don't know what defendant meant by something a trial court must consider. I don't think it's clearly explained in his brief. But I think he means that this is something the trial court would consider, whatever that means, before trial. And at trial, the only thing that people would have to prove is that defendant possessed a gun. But there's nothing that supports that in the plain language of the statute, and certainly no case law that supports that. The last thing I want to discuss, Your Honors, is the ineffective assistance of counsel claim that the defendant raised, arguing that counsel should not have entered into the stipulation. We agree that's the proper type of claim to raise. You can't raise a sufficient claim, but you can say my counsel should not have entered into the stipulation. Obviously, if you agree with our interpretation of the statute, this claim is automatically meritless because you can't fault counsel for failing to raise a losing argument. As we point out in our brief, though, regardless of how you interpret the statute, this particular defendant cannot succeed on an ineffective assistance of counsel claim. We identify a couple of reasons. I'll just mention one, and that is there's no prejudice here to the defendant. Because even if we assume for the sake of argument that counsel had raised this argument before trial, and even if we assume for the sake of argument that the trial court agreed that this conviction at 17 couldn't serve as a prior qualifying offense, as I mentioned, he had multiple felony convictions in his 20s that can serve as prior qualifying offenses. And there's no dispute about that. So at most, what would have happened is the people just would have filed a superseding indictment if the trial court for some reason found that this other conviction cannot serve. So unless there are any other questions, what we're asking this court to hold is that his sufficiency claim is meritless, so the appellate court decision has to be overturned on that basis. His ineffective assistance of counsel claim is also meritless. And also that this case needs to be remanded back to the appellate court for consideration. Do you want us to interpret the statute? We are asking you to interpret the statute, Your Honor. Yes. To be clear, I'm sorry if I was not clear on that. Certainly in our brief, 90% of our brief is here's how you interpret the statute. We're asking this court what's happened. The plain language is exactly what we said. What appellate cases like Wallace, Davis, and others have said, the opinion below is incorrect, and the differing opinion that the defendant has offered in his brief is also incorrect. Counsel, under every circumstance, are we required to interpret the statute here? Is there a path to resolving this without requiring the court to interpret the statute? Yes. This court could decline to do that and still resolve this appeal, if it wished to do so, because the sufficiency claim fails for the reason I mentioned, the stipulation. You can't challenge that. And the ineffective assistance of counsel claim, regardless of how you interpret it, or even if you don't interpret the statute, under these particular facts, he can't show praise. However, there's a problem with the stipulation that there's law that says you can't stipulate to the law, only to facts. Right? So the stipulation that includes everyone's understanding of what the statute meant, I'm not sure how we parse that out. We still have to bump up against the statute, wouldn't we? And if we said ineffective assistance of counsel, we'd have to again say counsel was ineffective because he didn't understand the meaning of the statute, but it wasn't prejudicial, don't we? The only way he could. How do we avoid interpreting the statute, which you seem to be asking us to do? The stipulation takes care of the sufficiency claim. He absolutely cannot challenge the stipulation. Whether it's an issue of law or fact, a stipulation is an agreement between the parties if they establish the fact that he had two prior qualifying convictions. So on sufficiency, you can just stop at the fact that he entered into a stipulation. On the ineffective assistance of counsel claim, in this particular case, regardless of whether the 17-year-old conviction counts or not, he has two other prior qualifying convictions in his 20s. So there are paths to resolving the two claims that he's raised. The two claims are before this Court. There's a path to resolving them without interpreting the statute. We are not asking this Court to avoid interpreting the statute. There is obviously now a split because of this decision and how the act is interpreted. So in our brief today, we're asking this Court to interpret the statute. But certainly there are ways to resolve the two claims that he has raised before this Court without him doing so, if this Court chooses to do so. With respect to the stipulation, are we looking at invited error here? It's sort of a similar idea of invited error. It's the idea that, you know, if you didn't complain about this in the trial court, in fact, you agreed that you had two prior qualifying convictions, how can you now say on appeal the evidence, the state failed to prove I had two prior qualifying convictions? Of course they did because you agreed that they did in clear report. So there's no really dispute about that. He can only succeed, if at all, on an ineffective assistance of counsel claim, not on sufficiency. Thank you. Counsel, please. Good morning, Your Honors. Counsel. The issue here is simple. This is a purely legal question, and it is, as Your Honor said, what is important here is the interpretation of the armed habitual criminal statute. Is that how you're phrasing it? Yes. Not sufficiency of the evidence. Well, it is sufficiency, but to determine whether the evidence was sufficient, we have to interpret the statute. Is that what the appellate court did? Yes. Sort of. Sort of. Yes as in no. Yes. They did, they interpreted the statute, and after interpreting it, they determined that the evidence wasn't sufficient, but it is maybe not the most robust decision. But as I said, this is a purely legal issue, and applying the plain language of the statute. Let me ask you this other question. Yes. Legal issue not raised in the trial court. Through what lens should we look at it here? Are you asking us to look at it? Sufficiency. I thought we talked about it wasn't sufficiency. I thought we were talking about it was statutory interpretation. Well, it is sufficiency, but in order to. So we interpret the statute the way you want. Therefore, there are new facts that have to be proven, right? But before we get to the facts, we have to figure out what the statute means, right? Correct. So it's a legal question. Yes. It was not raised before until the appellate court. Is this plain error? I think it can be looked at as plain error, but ultimately, it's a sufficiency question. Because if the state failed to prove the underlying convictions. Because of your theory of what was required. Correct. And because it's sufficiency, because the state failed to prove it, and the only thing that led them to this failure was their own charging decisions, it's a sufficiency, right? There was no trial court error or anything like that. And so that's why this is seen through a sufficiency lens after we interpret the statute. Because, of course, we have to interpret the statute because it's only if you agree with Mr. Gray's reading of the statute that you even go on to the next step of sufficiency. But the state here wants it both ways when it comes to the interpretation of the statute. It agrees that the armed habitual criminal statute is meant to look at the law as it currently stands, except when the current law requires us to look to the Juvenile Court Act. But we either look to the current state of the law or we don't. The statute can't mean for us to look at the current state of some laws, like the Controlled Substances Act or the Cannabis Control Act, but a prior state of other laws like the Juvenile Court Act. And the state has talked about legislative intent and things like that, but this is in line with the legislature's intent in enacting the armed habitual criminal statute. We look to the current state of the law because this statute punishes people for their current level of dangerousness. And so if an offense is, say, added to the forcible felony statute, that's because we now recognize the seriousness of that offense. And so through that new recognition, we now reassess someone's current level of dangerousness. And so if the statute works that way, it should work any other way, too. It should work in the reverse, where we now look at drug possession and juvenile brain development differently. We should also look at how those considerations affect our understanding of someone's current level of dangerousness. The state also focuses a lot on the use of the phrase is punishable, but the phrase is punishable does not defeat Mr. Gray's interpretation of the statute. Reading the statute, first we only look to whether an offense is punishable as a class 3 or higher drug conviction after we've looked at whether the offense qualifies as a conviction. That's the first part, was someone convicted. And under the current law... I'm sorry, go ahead. What's the effect of the stipulation, and is it fatal to your client's argument? It's not fatal. I think the state would like you to believe that if for some reason the stipulation wasn't entered into, the evidence would change, but the evidence would not change. The only thing that would be different is instead of the state reading the stipulation and saying he has the requisite convictions, they would introduce a copy of a certified disposition of Mr. Gray's 2002 offense. And so at that point, they still would not have met their burden if the court agrees to that interpretation. Sufficiently evidence. They didn't prove he was 17 years old at the time of the prior crime. Right? That's what you're saying, right? Sufficiently evidence. The state had to prove he was 17 years old at the time of the prior conviction, right? That's a fact that you say they did not prove. Therefore, the state didn't prove his case, right? And without parsing through what it was, your client and his lawyer said, we agree to all the facts that are necessary here on that issue. Why isn't that enough? Because this is something that is a legal question. Whether something qualifies as a predicate is something that is a legal question for a court to decide and not a factual question for a jury to decide. And so this court recently issued an opinion about the armed habitual criminal statute in Feeble v. Carter. In that case, this court reversed the defendant's conviction for armed habitual criminal because one of the prior offenses was predicated on an aggravated battery, but an aggravated battery only qualifies as a forcible felony if it resulted in great bodily harm or permanent disability or disfigurement. And so the state failed. This court held that the state failed to prove that one of the defendant's prior convictions was a qualifying predicate because they did nothing to establish whether that aggravated battery resulted in great bodily harm. Was there a stipulation there? Was there a stipulation in that case? Well, it was a bench trial, and so it was a little different. There was no stipulation there. You said the state must prove he was 17 years old before. That's what's wrong with this case. Therefore, he's found not guilty, right? They did not prove he was 17. His lawyer said we stipulated the facts. Why isn't that enough? Well, so it's not that Mr. Gray was 17. I don't know that. His lawyer said we agreed to all the facts about the conviction. Yes, and that is why we also said he is ineffective partly because the stipulation in this case was so poorly written and it didn't include a case number or anything like that, but because he stipulated. So there is some ineffectiveness here, but ultimately, even if there was no stipulation, the state still could not have proved Mr. Gray's guilt beyond a reasonable doubt. So isn't your argument basically that he would not be prosecuted as an adult today if his prior happened? Correct. That is what the state has to establish in order to use Mr. Gray's 2002 offense as a predicate, and so this is something that would be resolved before this case went to trial, before it went to a jury. But when looking at the language of the armed habitual criminal statute, where does it say anything about that, what you're arguing? It doesn't say anything specifically, but because it uses the present tense, we have to look at the current state of the law, and the current state of the law says that a 17-year-old charged with a drug offense, at the very least, would be charged in juvenile court to begin with. And because this is something that would fall under the discretionary transfer provision, it's up to the state to not only move to have that defendant transferred, but to prove that that defendant should be transferred. But when we think about the purpose of the armed habitual criminal statute, doesn't that lead us to the conclusion that we're looking at the person's past, their conduct in the past, and it's not about how they would be prosecuted today? But the armed habitual criminal statute punishes someone for their current level of dangerousness. It does not punish someone for their prior actions. Well, what does habitual mean? Well, in this case, it means that you possessed a gun and you have two qualifying felony offenses after that. So habitual suggests that there is an element where we're looking at your habits, what you've done in the past. Are you repeatedly violating the law? Correct. But it's still important that the frame of reference that we're looking at through is based on someone's current level of dangerousness. And someone's current level of dangerousness, that consideration evolves with societal norms. And the state here agrees with this interpretation, essentially, because the state agrees that if someone was charged with a Class 3 cannabis offense and that Class 3 cannabis offense was now classified, it was reclassified as a Class 4 cannabis offense, that that would not qualify because even though that person had been convicted of a Class 3, that conviction remains a Class 3, the law now considers that specific offense a Class 4, and so it would not qualify under the statute because we look to the current state of the law. And so if we look to the current state of the Cannabis Control Act or the Controlled Substances Act, we should look to the current state of the entire law, of the entire criminal code. Counsel, I have a question regarding the claim of ineffective assistance of counsel. One of the prongs that you have to demonstrate is that there was prejudice, but doesn't this defendant have enough other qualifying felony convictions that had there not been this stipulation, the state would have been able to prove, even without using this conviction, the necessary elements of the armed habitual criminal statute? Well, without the stipulation, the only thing the state would have done was provide certified dispositions of the two offenses that they charged in the indictment. There would be no reason for them to introduce evidence of his 2008 offense, unless they amended the charge, but they did not do that. Well, they weren't required to do that because their client stipulated, right? And how are you surmising that the state would not have potentially, had they learned of this issue, changed the indictment? I think these are two separate issues. Because we're presuming that the defense attorney stipulated and that if he didn't stipulate, he would have said, well, I'm not stipulating because this is how I'm interpreting the statute, but that's not really the right way to look at things. We're looking at how the state charged things, and if, even without the stipulation, they could have proved Mr. Gray guilty beyond a reasonable doubt, and if his 2002 offense is not a qualifying predicate, they could not, because there would have been no reason for the state to introduce evidence of that 2008 offense if all that happened was the defense counsel did not agree to stipulate to the offense, as honestly he should not have because it is clear from pretrial proceedings that Mr. Gray did not want him to stipulate to those offenses. Counsel, explain to me why counsel was ineffective. He was ineffective for stipulating to these offenses, particularly because Mr. Gray did not. But your opponent said that's a meritless argument because he could not have prevailed anyway. I mean, as my colleague on the bench has said, there were other qualifying offenses. What difference would it have made? Because if defense counsel simply hadn't stipulated, the evidence presented at trial would have been the 2002 offense. It would not have been the 2008 offense because there would be no reason for the state to introduce that offense. And so just looking at just the trial and a mere fact of the stipulation, if the stipulation didn't happen, really none of the evidence would be the same. And here, the state isn't even disputing the facts. Mr. Gray was 17 years old at the time of his 2002 offense. Was that in the record? It's in the appellate record, yes. Yes. Was it admitted at trial? Is it in the record of the trial? That's what we're looking at, not the appellate court. No, but again, this is something. No, that fact was not in the record. Yes, but age and jurisdiction have not suddenly become elements of the armed habitual criminal statute. And so the state didn't need to prove to the jury that Mr. Gray was a certain age. I thought that was the whole point of your sufficiency argument. They didn't have to prove it to the jury. This is something that should have been addressed pretrial. It's a legal issue and not a fact issue. Correct, because this is a purely legal issue. Sufficiency of the evidence is a purely legal issue. Whether something qualifies as a predicate, whether interpreting the statute and determining under that interpretation whether something qualifies as a predicate. For instance, if the state is trying to approve armed habitual criminal based on an aggravated battery, the state would not introduce evidence from that aggravated battery that that aggravated battery resulted in great bodily harm or permanent disability or disfiguration in front of the jury. So that would be something that should be determined pretrial. And if the state proves that, if they are able to prove that this would be a sufficient, excuse me, that this would be a qualifying predicate under the statute, then it could go to the jury. And this is what was happening after Gray was decided. These issues weren't going in front of a jury. The public defender's office was filing motions to dismiss and then there was a hearing in front of the judge. And so age and jurisdiction are not elements. They are things to be considered when determining whether something is a qualifying predicate. And an important part of this consideration is the fact that the state has the prosecutorial discretion. If this court agrees with our interpretation, it's for the state to decide whether they believe that they can prove that a prior offense was a qualifying predicate. If they don't believe they can, then they can charge a lesser offense. And if they believe they can, then they can proceed with the armed habitual criminal charge. So you're saying that there should be no stipulation in matters like this? I mean, you know, isn't part of the reason to do a stipulation is to take the necessity to prove something like this off the table? That you're admitting, you know, both Woods and Polk and these cases. So, you know, a stipulation is conclusive to the matters that are necessarily included in it and no proof of those facts that is necessary. Because this should be determined, this should be resolved pretrial, stipulations would still be fine. Because if the trial court determined, yes, this person would have been transferred. It does qualify as a predicate. Then you can stipulate to that offense, right? Because that issue is kind of already been resolved there. The last thing I'd like to point out is that the state focuses on the phrase is punishable. The state does cite to a federal case. I apologize, I did not cite this case in my brief. But in United States v. Brooks, which is 751 F3-1204, the Tenth Circuit actually overruled the case law that the state cites. And so in that case, the Tenth Circuit held that instead of considering a hypothetical person subject to the maximum possible term, court should look to the maximum sentence that particular defendant could have received. So we're not looking at a hypothetical person. We're looking at that particular defendant. And in this case, we look to the disposition that Mr. Gray would have received when he was 17 years old. If he were 17 today. Correct, yes. And the disposition he would have received would be a juvenile adjudication. If there are no other questions, Mr. Gray respectfully asks that this court affirm the appellate court's reversal of Mr. Gray's conviction. Thank you. Thank you very much. Counsel and rebuttal. Thank you, Your Honors. Just quickly a couple points. On the sufficiency point, defendants have been raising sufficiency claims for decades. Parties have been entering into stipulations for decades. My opponent cannot cite a single case where a defendant was able to succeed on a sufficiency claim by challenging a stipulation. It shouldn't do so here. In terms of the interpretive issue, I think my opponent was asked what specifically in the statute supports her interpretation. And I think her answer was, well, nothing specifically does. She focuses on the Tenths. But I think she, my opponent, is incorrect when she says that the statute is in the present tense. That's incorrect. Part of it is in the past tense. Was the defendant convicted? That requires a guilty plea or guilty verdict in adult court, regardless of age. The part that is in the present tense is the part that's focused on statutory classification, as my opponent admits in her brief.  My opponent just cited a case that she said overrules one of the federal cases we cite. She didn't cite that in her brief and did not alert me to that case or argument for whatever reason. So I can't address that. But what I can point out is that, apart from that federal precedent, this Court's precedent, albeit over cases, as we cite in our brief, interprets punishable to mean might be punished or may be punished, not must be punished. And certainly, someone that sells a significant amount of cocaine, as this defendant did when he was 17 years old, can be punished as a Class I felon under Illinois law. So unless there are any other questions, we ask this Court to hold that both of his claims are meritless, interpret the artificial criminal statute, and then remand back to the appellate court for consideration of his remaining claims. Thank you. Thank you very much. Thank you, both counsel, for your arguments. This case, Agenda Number 1, Number 127815, People of the State of Illinois v. Demetrius Gray, will be taken under advisory. Thank you.